**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE: **Rafael Ramos Santos &**
**Johana Marrero Bou**
E 108 Costado de Oro, Dorado 00646
DEBTOR(S)  SSN: xxx-xx-7730    SSN: xxx-xx-9804

BK. CASE # **15-06238**  BKT
CHAPTER 13

---

## CHAPTER 13 PAYMENT PLAN
*5TH FILED PLAN*   *4th Amended*

**NOTICE:** * The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. * See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [X] directly   [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED: _____
[X] PRE  [ ] POST-CONFIRMATION

[X] AMENDED PLAN DATED: **4/18/2017**
FILED BY [X] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | | x | | = $ | |
|---|---|---|---|---|---|
| 675.00 | x | 24 | = $ | 16,200.00 |
| 775.00 | x | 12 | = $ | 9,300.00 |
| 975.00 | x | 24 | = $ | 23,400.00 |
| | x | | = $ | |
| | x | | = $ | |
| | x | | = $ | |
| | x | | = $ | |
| | x | | = $ | |
| TOTAL = | 60 | $ | 48,900.00 |

Additional Payments:
$ **12,600.00** to be paid as a LUMP SUM within **40 months as of date of Plan**  WITH PROCEEDS TO COME FROM
[X] Sale of property identified as follows:
**1984 Mazda plus + LS will be amortized thru partial installments thru out 40 remaining months of Plan**
[X] Other: **Increase in productivity & profits from RRS Elect as D husband continues to recover from work accident**

Periodic Payments to be made other than and in addition to the above.
$_____ x _____ = $_____
To be made on: **LS maybe amortized in partial amts w/n 40 mos**

PROPOSED PLAN BASE: $ **61,500.00**

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:
a. Rule 2016(b) Statement:    $ 5,000.00
b. Fees Paid (Pre-Petition): ($ 5,000.00 )
c. R 2016 Outstanding balance: $ 0.00
d. Post Petition Additional Fees: $ 10,000.00
e. Total Compensation:    $ 15,000.00

**A/F @ $275 p/hr**

Signed: /s/ **Rafael Ramos Santos**
                DEBTOR
         /s/ **Johana Marrero Bou**
                JOINT DEBTOR
         /s/ *L.A. Morales*
                BY: ATTORNEY

ATTORNEY FOR DEBTOR~ **Lissette Morales-Vidal**  Urb. Villa Blanca, #76 Aquamarina, Caguas, PR 00725-1908   Phone: **787-746-2434**

---

### II. DISBURSEMENT MADE IN THE FOLLOWING ORDER AND AFTER ADMINISTRATIVE EXPENSES

**A. SECURED CLAIMS:** [ ] Debtor represents that there are no secured claims.
[X] Secured creditors will retain their liens and shall be paid as follows:

1. [X] **ADEQUATE PROTECTION** Payments: Cr. **Baxter CU**   $ **100.00**
2. [X] Trustee will pay secured **ARREARS**:
   Cr. **BPPR/Wells F clm #6**   Cr. **BPPR clm #7**   Cr. **BPPR clm #5**
   Acct. **6747**   Acct. **4450**   Acct. **4761**
   $ **0.00**   $ **1,134.29**   $ **245.00**

   Cr. _____ Cr. _____ Cr. _____
   Acct. _____ Acct. _____ Acct. _____
   $ _____ $ _____ $ _____

3. [ ] Trustee will pay **REGULAR MONTHLY PAYMENTS**:
   Cr. _____ Cr. _____ Cr. _____
   Acct. _____ Acct. _____ Acct. _____
   Monthly Pymt.$ _____ Monthly Pymt.$ _____ Monthly Pymt.$ _____

4. [ ] Trustee will pay **IN FULL** Secured Claims:
   Cr. _____ Cr. _____ Cr. _____
   $ _____ $ _____ $ _____

5. [X] Trustee will pay **VALUE OF COLLATERAL**:
   Cr. **Baxter CU #0100**   Cr. **As per Agreement**   Cr. **See page 2**
   $ **10,000.00**   $ _____   $ _____

6. [ ] Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
   Cr. _____ Ins. Co. _____ Premium: $ _____
   (Please indicate in "Other Provisions" the insurance coverage period)

7. [X] Debtor SURRENDERS COLLATERAL TO Lien Holder: **If any to Coop/Asoc/Bank**
8. [X] Debtor will maintain REGULAR PAYMENTS DIRECTLY to:
   **Mortg creditors as of 8/2015 / BPPR/Wells Fargo #6747 Ds agree to Lof Stay but will continue efforts to modify**

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[X] **Treasury/IRS/Muncp Dorado, Treasury & DSO as per claims**

**C. UNSECURED PREFERRED:** Plan [ ] Classifies  [X] Does not Classify Claims.
[ ] Class A-  [ ] Co-debtor Claims: [ ] Pay 100% / [ ] 'Pay Ahead'. _____
[ ] Class B-  [ ] Other Class: _____
Cr. _____ Cr. _____ Cr. _____
$ _____ $ _____ $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ _____ )
[ ] Will be paid 100% plus ____ % Legal Interest [X] Will be paid Pro-Rata from any remaining funds

OTHER PROVISIONS: **See page 2 of Plan Your rights & claim may be affected or modified.**

**ATTACHMENT TO PLAN**

IN RE:

Rafael Ramos Santos &

Johana Marrero Bou

DEBTOR(S)

BK CASE # 15-06238   BKT

CHAPTER 13

**PLAN DATED:** _____

**AMENDED PLAN DATED:** 4/18/17

Notes

8B. IRS #2-2 $1,182.48; Treasury #13-1 $4,379.94; DSO #12 $3,240 & Municiplaity Dorado #11 $782.28 as filed.

9. As per agreement w/ Baxter, debtors shall pay BCU [#0100] $10,000 value of its collateral: 2007 BMW 525i Sedan 4D ADQ PROTECTION payments to be made & credited to Baxter secured portion of claim. TERMS of PAYMENT: $607.50 monthly x 16.46 months in EMP, if required [or sooner if not EMP] by creditor of secured portion of its claim & in 2nd Rank after payment of Adm Claim Atty Fees.

Upon satisfactory completion [discharge] of Plan, BCU will surrender Title to collateral to debtors pursuant to §1325(a)(5)(B)(i)(I)(bb). Security agreement expires in 10/2018 & vehicle is insured w/ double interest insurance until such date & will remain so until payment of these amounts to BCU, or directly through private insurance coverage if payout is delayed until after this date.

10. Atty Fees [A/F] have been agreed at $275 p/hour. Upon FAVORABLE recommendation &/or conclusion of any contested matter, Counsel for Debtors will file a Fee Application within 14 days of either of these 2 events or confirmation, whichever is earlier. Pre-petition retainer/deposit has been fully consumed.

11. ORDER OF PAYMENT: Trustee will pay allowed claims in the following order:

a) Trustee [adm fees] & Debtor's Attorney Fees [adm/priority fees] to extent available w/n Plan's confirmed base upon approval by this Court. At this writing counsel estimates A/F in excess of $10,000 but accepts to limit payout under Plan to $10,000 or to extent of available funds under Plan.

b) Adequate Protection payments to BAXTER CREDIT UNION

c) Vehicle creditor at ¶5 in EMP if required by creditor

d) Priorities as described @ ¶8B

e) Payment to Secured claims to BPPR &/or arrearage as per ¶2 of Plan

f) Unsecured at per ¶8D

12. Tax refunds, if any, [none expected] in excess of $1,200 will be devoted ea. yr. to fund lump sum now proposed of $12,600 until plan's completion. If tax refunds are rec'd & needed for use by debtor of a portion of refund, debtor will seek Court's authorization prior to use of funds.

13. Ds consent to relief from stay in favor of Wells Fargo/BPPR [clm #6-1] for IN REM purposes only. Ds nonetheless intend to pursue negotiations w/ WF for mortgage loan modification, already requested & approved for BPPR prior holder, subject to notice & approval of Court, if & when agreement reached.

14. Confirmation of this plan constitutes a finding that debtor has timely complied w/ 11 U.S.C. §521, that plan & case have been filed in good faith as per §1325(a)(3) & plan provides all DI as per §1325((b)(1)(B) & (2)(A) & (B)

15. Property of the ESTATE shall REVEST in the debtor(s) upon confirmation of plan.

ATTORNEY FOR DEBTOR: /s/ Lissette Morales Vidal
LISSETTE MORALES VIDAL   Phone: (787) 746-2434

URB VILLA BLANCA #76, AQUAMARINA, CAGUAS, PR 00725-1908